**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5825-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

EMMANUEL T. NEEWILLY,

      Defendant-Appellant.

_____

Submitted November 19, 2019 – Decided December 30, 2019

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 11-09-2282, 11-12-2977, and 12-08-1847.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Nicole Lynn Campellone, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Emmanuel Neewilly appeals from the denial of his post-conviction relief (PCR) petition. Defendant contends the ineffective assistance of three different lawyers, who represented him on three indictments, caused him to plead guilty without knowledge of deportation consequences.[1] He asserts an evidentiary hearing was required to hear the testimony of the lawyers and consider the "substance of their legal advice." Because we find defendant has not demonstrated a prima facie showing of ineffective counsel, we affirm.

Defendant pled guilty under Atlantic County Indictment 11-09-2282 to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). On the same day, he pled guilty under Atlantic County Indictment 11-12-2977 to third-degree receiving stolen property, N.J.S.A. 2C:20-7. Prior to sentencing, defendant was charged in a third indictment, and he pled guilty to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b).

On the plea forms executed prior to the guilty pleas on the first two indictments, defendant acknowledged he was not a citizen of the United States and that he understood a guilty plea could result in his removal from this country. Defendant advised on the forms he was aware he could consult with an attorney about his immigration status. He indicated he had in fact discussed

---

[1] Defendant has been deported to Liberia.

the immigration consequences of a guilty plea with his plea counsel. On the forms, defendant declined the opportunity to consult with counsel further about the immigration issues and indicated he wished to plead guilty.

At the plea hearing on the first two indictments in February 2012, defendant was represented by separate counsel on each indictment. One of the attorneys stated to the court:

> The only other issue [is] that he is not a U.S. Citizen. He is a permanent resident. He understands that by virtue of this plea he may be deported. He has consulted and/or will further consult with immigration attorneys. He does not wish to stop and do that. He wishes to proceed today.

Defendant agreed verbally that he understood what his attorney had communicated to the court, he agreed with it, and he wished to proceed. The second attorney then told the court that he was referring defendant to a "good immigration attorney" which was why they were requesting a three-month delay for the sentencing hearing.

During the plea colloquy with the court, defendant reaffirmed he understood he could seek the services of an immigration lawyer prior to his guilty plea and he intended to speak to counsel but he wanted to proceed with

the plea hearing. After accepting the plea, the court scheduled the sentencing hearing for May 18, 2012.[2]

A third attorney represented defendant at the October 22, 2012 plea hearing regarding the third indictment. During the colloquy, defendant again acquiesced that he understood a guilty plea could result in his deportation, and that he could seek specialized immigration advice. He told the court he had discussed the immigration consequences with his attorney, and he wished to enter a guilty plea.

Defendant was sentenced under Indictment 11-09-2282 to five years in state prison, with a three-year period of parole ineligibility. The sentences on the other two indictments ran concurrently with the first-imposed prison term.

After defendant filed his PCR petition and certification, counsel was assigned, who provided a supplemental brief and certification. Following oral argument, Judge Jeffrey J. Waldman issued a comprehensive written opinion and order denying the petition.

In considering defendant's arguments, Judge Waldman reviewed the plea forms signed by defendant and the plea hearing transcripts. He found that defendant had not provided any evidence to support his contention that his

_____

[2] The sentencing took place on June 15, 2012.

counsel were ineffective for failing to inform him of the immigration consequences of his plea. To the contrary, the judge noted defendant's allegations were "contradicted by the record of the plea hearing, where he indicated that he understood his right to seek advice from an immigration attorney about the effects of his guilty plea."

Judge Waldman stated further:

> A clear escape-valve was provided to the defendant here. It was contemplated that he [would] speak with immigration counsel between the plea and sentence, and he was given an extended period of time to do so. Not only does it appear that he did not avail himself of that opportunity, but he obtained additional charges during that time, for which he ultimately pled guilty.

The judge concluded defendant had not established a prima facie case of ineffective assistance of counsel and, therefore, an evidentiary hearing was not warranted.

On appeal, defendant presents a single argument for our review:

> POINT ONE
>
> THIS MATTER SHOULD BE REVERSED AND REMANDED TO THE PCR COURT FOR AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM ALL THREE LAWYERS TO DETERMINE WHY THEY FAILED TO REQUEST AN ADJOURNMENT FOR THEIR CLIENT TO SPEAK WITH AN IMMIGRATION LAWYER PRIOR TO PLEADING GUILTY AND TO DETERMINE

THE SUBSTANCE OF THEIR ADVICE TO THEIR
CLIENT REGARDING DEPORTATION.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment to the United States Constitution was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). To prevail on an ineffective assistance of counsel claim, defendant must meet the two-prong test establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We are satisfied from our review of the record that defendant failed to demonstrate the ineffectiveness of trial counsel under the Strickland-Fritz test. It is now well-established that trial counsel must inform a non-citizen client when a plea carries a risk of deportation. Padilla v. Kentucky, 559 U.S. 356, 364 (2010); State v. Nunez-Valdez, 200 N.J. 129, 131 (2009); State v. Gaitan,

209 N.J. 339, 380 (2012) (applying <u>Padilla</u> prospectively). All three plea counsel here informed defendant that his plea carried the risk of deportation.

Prior to both plea hearings, defendant completed forms affirming his understanding that a guilty plea could result in his deportation, and that he had the right to consult with an immigration attorney. Defendant acknowledged on the forms that plea counsel discussed the immigration consequences with him. During the colloquy in February 2012, both defense counsel advised the court they had discussed the immigration situation with defendant. One stated he had referred defendant to a specific attorney for immigration counsel and advice. The attorneys requested a May sentencing date to give defendant adequate time to consult with immigration counsel. The State and court agreed; the sentencing did not take place until mid-June 2012.

Prior to the June sentencing, defendant was indicted on a new charge. He, again, completed plea forms and acknowledged during the plea hearing that he understood the immigration consequences of a guilty plea and his right to seek specialized immigration counsel.

The record belies defendant's argument that his counsel were deficient in any respect. Because defendant has not demonstrated a prima facie case of ineffective representation, he is not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5825-17T4